UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE PARKER, *et al.*

Plaintiffs,

v.

KIMBERLY CARGOR, *et al.*,

Defendants.
_____________________________________/

Case No. 2:25-cv-11422

District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND/CORRECT COMPLAINT (ECF No. 39)**

Upon consideration of the motion papers and counsels' arguments and representations at the hearing, and for all the reasons stated on the record by the Court, which are hereby incorporated by reference as though fully restated herein, Plaintiff's Motion for Leave to File an Amended/Corrected Complaint (ECF No. 39) is **DENIED**.

On December 2, 2025, the Court entered an initial scheduling order which required all motions to amend the pleadings to be filed no later than December 19, 2025. (ECF No. 28.) Plaintiff's counsel, Angelle M. Rothis, filed a Notice of Appearance on February 13, 2025. (ECF Nos. 31, 32.) Although she requested concurrence in a motion for leave to amend the pleadings on February 28, 2026 (ECF No. 39, PageID.238), she did not move for leave to amend until June 6, 2026

(ECF No. 39), nearly six months after the deadline originally set in the scheduling order, nearly four months after her appearance, over three months after seeking concurrence, and one month before discovery was then set to close (ECF Nos. 28, PageID.101 & 39, PageId.237).

Plaintiff's counsel offers no sufficient justification for her delay. Instead, she alleges that it took her from February through June to be able to adequately speak with her clients about their claims because of their incarceration, notwithstanding the fact that one of her two clients was released from prison on February 16, 2026 (three days after counsel's appearance) (ECF No. 39, PageID.236, ¶ 6), and argues that the rules require leave to amend to be freely given.

While leave to amend should generally be freely given under Fed. R. Civ. P. 15, this general principle is still subject to court deadlines and diligence or a lack of "undue delay" on the part of the movant. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Since the Court had already ordered all motions to amend pleadings be filed by December 19, 2026, Rule 16(b)(4), which describes the procedures to modify a scheduling order, governs instead. Fed. R. Civ. P. 16(b)(4). Rule 16 provides that a schedule may be modified only for good cause and with the judge's consent. (*Id.*) The Court finds that Plaintiff has not shown good cause to modify the schedule here, particularly in light of the sparsity of the proposed amendment,

consisting of only five, single-sentence factual allegations and two conclusory paragraphs that, as explained below, do not even state a claim. Plaintiff's counsel could not possibly have needed three months to come up with this, particularly since its entire content could easily have been gathered from her un-incarcerated client.

Further, the Court finds that allowing amendment at this stage would prejudice Defendants, as discovery had been ongoing for six months and was about to end at the time Plaintiff filed her motion.

As *Foman* instructs, leave need not be freely given in cases where there is "*undue delay*, bad faith or dilatory motive on the part of the movant" or "undue prejudice to the opposing party by virtue of allowance of the amendment, *futility of amendment*, etc." 371 U.S. at 182 (emphases added). In the instant matter, the Court finds that Plaintiffs acted with undue delay when their counsel appeared in the case in February 2026, asked for concurrence in a motion for leave to amend immediately (meaning that she believed she had enough information and a good faith basis for doing so at that time), but then unreasonably waited until June to seek to amend the complaint, on the eve of the deadline the Court had set for completion of discovery. Plaintiffs have not demonstrated the "good cause" necessary to revise the deadline for amending pleadings set forth in the scheduling order, Fed. R. Civ. P. 16(b)(4), nor have they demonstrated the "excusable neglect"

required to file a motion after the time for doing so "has expired." Fed. R. Civ. P. 6(b)(1)(B). As the Sixth Circuit has explained, "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal citation omitted). Generally, "[i]f [a] party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Here, Plaintiffs were not diligent. *See also EEOC v. U-Haul Int'l*, 286 F.R.D. 322, 326 (W.D. Tenn. 2012) ("Because the court does not find good cause to amend the scheduling order, it is not necessary to consider whether U–Haul would suffer prejudice by allowing such an amendment.").

Moreover, for the reasons extensively discussed on the record and incorporated herein, the Court also finds that Plaintiffs' proposed amendment would be futile, as it seeks to add a constitutional claim against individual officer defendants but fails to describe the actions of any individual officers, let alone when, where, how or why the alleged, offending actions were committed. The amendment would not survive a Rule 12(b)(6) or Rule 12(c) motion to dismiss. *See Nelson v. Service Towing, Inc.*, Case No. 22-10918, 2024 WL 989572, at *5 (E.D. Mich. Feb. 5, 2024) (Patti, MJ), *report and recommendation adopted*, 2024 WL 775492 (E.D. Mich. Feb. 26, 2024) (Leitman, J.), *aff'd* 2025 WL 862405 (6th Cir. Feb. 11, 2025) ("'When suing an individual actor ... for constitutional

violations under § 1983, a plaintiff must demonstrate that the actor "directly participated" in the alleged misconduct, at least by encouraging, implicitly authorizing, approving or knowingly acquiescing in the misconduct, if not carrying it out himself.' *Id*. Indeed, 'it is particularly important in such circumstances that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.'" (internal citation omitted)). Plaintiffs' proposed, overly broad references to action by the "MDOC" (a non-party) will not suffice.

Additionally, Plaintiffs' motion as whole is unsupported and poorly executed. Plaintiffs' proposed complaint is a conglomeration of different fonts and typefaces and does not reproduce a unified copy of the proposed amended pleading, as required by E.D. Mich. LR 37.1; rather, it just tacks on some new language at the end of the operative pleading in an entirely disjointed, unmatching fashion. Further, Plaintiffs' motion does not demonstrate full compliance with E.D. Mich. LR 7.1's requirement to have an actual *conference* to discuss the motion before its filing, but instead purports to have sought concurrence by email. (ECF No. 39, PageID.238.) As Judge Lawson of this Court has explained, "The Oxford English Dictionary defines a 'conference' as 'the action of bringing together' or 'meeting for conversation.' [citations omitted] The idea behind the

rule requiring opposing counsel to ‘meet[] for conversation,’ of course, is to stimulate discussion about the dispute that is the subject of the motion in order to attempt a resolution that would not require court intervention.” *See Bridgewater v. Michigan Gaming Control Board*, Case No. 16-10782 (ECF No. 16, PageID.122 therein.) More importantly, the motion fails to sufficiently support Plaintiff’s position with relevant case law or argument. In short, the motion does nothing to address the merits of what Plaintiffs propose to add, and even when challenged by a response, they failed to file a reply.

As such, Plaintiff’s motion (ECF No. 39) is **DENIED**.

**IT IS SO ORDERED.**[1]

Dated: November 16, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).