UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE PARKER,

Plaintiffs, Case No. 2:25-cv-11422

v. District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

KIMBERLY CARGOR, *et al.*,

Defendants.
_______________________________/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' RULE 37(d) MOTION TO DISMISS (ECF No. 48), and ORDERING PLAINTIFFS' COUNSEL TO REIMBURSE COURT REPORTER'S FEES AND TO WRITE A LETTER OF APOLOGY TO THE COURT SECURITY OFFICERS**

Defendants filed a motion to dismiss Plaintiff Moffit's claims under Rule 37(d) after Plaintiff Moffit failed to appear for an August 26, 2026 deposition. (ECF No. 48.) Additionally, Defendants requested that the remaining proceedings be stayed until after the deposition of Plaintiff Parker. (*Id.*) Plaintiffs filed their response in opposition to Defendants' motion on September 16, 2026. (ECF No. 49.) Defendants filed their reply on September 30, 2026. (ECF No. 51.) The Court heard arguments on Defendants' motion on November 12, 2026.

Upon consideration of the motion papers and counsels' arguments and representations at the hearing, and for all the reasons stated on the record by the Court, which are hereby incorporated by reference as though fully restated

herein, Defendant's Motion to Dismiss Plaintiff Moffit's Claims and to Stay the Case until Plaintiff Parker is deposed (ECF No. 48) is **GRANTED in part** and **DENIED in part**.

## I. Preliminary Concerns

### A. Counsel's Behavior

Before discussing the substance of Defendants' motion, the Court must first address Plaintiffs' counsel's behavior throughout these proceedings. On November 12, 2026, Plaintiffs' counsel, Angelle M. Rothis, appeared at the courthouse without her ID and it was reported to the Court by court security officers and Court staff that Ms. Rothis acted unruly throughout her security screening, raising her voice with the court security officers, broke down in tears somewhere between the entrance to the courthouse and my sixth floor courtroom, and otherwise caused a scene. She had to be escorted by a court security officer from the screening area to the Undersigned's courtroom in a wheelchair after having difficulty walking on her own.

Throughout the hearing Plaintiffs' counsel appeared unwell. She was noticeably sweaty, disheveled, red in the face, and laughed at multiple, inappropriate times. The Court had to admonish her for her inappropriate laughter, rolling her eyes, and loudly sighing in response to Defendants' arguments.

Plaintiffs' counsel interrupted and spoke out of turn and seemed to have great difficulty understanding and responding to the Court's questions.

Noting counsel's odd behavior and her obligation for candor with the Court, the Court allowed counsel the opportunity to explain herself. When asked by the Court, she did not deny her boisterous behavior at the first-floor security checkpoint or forgetting to bring her identification. She did deny being "under the influence" when directly asked. Counsel stated that she was unwell and presently suffering from or getting over a recent bout of the flu, suggesting that this was why she was behaving erratically. Her explanation stretches all credulity, as this is the *third time* she had used the flu as an excuse for her inability to execute her responsibilities in this case in as many months. Counsel first reported having the flu in August 2026, two days before Parker was to be deposed, and requiring the cancelation of that deposition. (ECF No. 48, PageID.380.) On October 7, 2026, counsel reported having the flu again, this time on the eve of the Court's first scheduled hearing on the instant motions, and asked for the October 8, 2026 hearing to be rescheduled. Now, a month later, on the date of the rescheduled October 8, 2026 motion hearing, counsel points to the flu once again to excuse her erratic behavior.

The Court does not pretend to have deep medical knowledge, but counsel's assertion that she has had the flu on three separate occasions in less than four

months, when each occurrence immediately preceded a deadline or hearing in this case, raises legitimate concerns. Counsel was reminded at the hearing and is reminded once again of her obligations under the Michigan Rules of Professional Conduct. Under Rule 1.1, "[a] lawyer shall act with reasonable promptness and diligence in representation of her client," and, as the comment to the rule describes, her "workload should be controlled so that each matter can be handled adequately." *See* MRPC 1.1. Rule 1.16 advises that an attorney shall move to withdraw from representation of a client if "the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client." Whatever may be going on, counsel has continuing professional obligations she must uphold to her clients, her brother counsel, and this Court.

**B. Plaintiffs' Briefing and Authority**

The brief counsel drafted and filed on Plaintiffs' behalf inspired no more confidence in counsel's performance or wellbeing. (ECF No, 49.) The brief was a conglomeration of unsupported assertions and disjointed paragraphs that appeared to have been haphazardly copied and pasted from other matters, and blatantly misstated the law of this Circuit. Specifically, Plaintiffs, without a discernable citation, argued that "the 6th Circuit does" require non-compliance with a prior court order before sanctions may be imposed under Fed. R. Civ. P. 37(d), *i.e.*, that "[a] previous violation of court order(s) is *minimally necessary* before considering

a sanction as serious as dismissing a plaintiff's case." (ECF No. 49, PageID.418 (emphasis added).) Several pages after making these pronouncements, Plaintiffs cited *Voight v. Jefferson County Sheriff's Dept*., 31 F. App'x 189, an unpublished opinion, without a pin cite and without a year of release, which the Court independently discovered to be 2002.[1] While it is true that in *Voight* the plaintiff disobeyed a prior discovery order before his case got dismissed under Rule 37(d), it is *not* true that the *Voight* court held that a disobeyed prior order was a *prerequisite* to dismissal under the Rule; in fact, the Court of Appeals stated that, "A district court's judgment dismissing an action pursuant to Fed. R. Civ. P. 37(b)(2) for willful failure *to cooperate in discovery* is reviewed for abuse of discretion." *Id*., 31 F. App'x at 190 (emphasis added). When asked at the hearing about her authority for her claim that a Rule 37(d) dismissal sanction cannot be ordered unless a prior order was violated, Plaintiffs' counsel kept referring to the "Cohen" case, again without a full case name or citation, stating that she thought she had cited it in her brief, when, in fact, she had not.[2]

---

[1] Ironically, Plaintiffs refer in their brief to "defendant's [sic] argument" as "unintelligible." (ECF No. 49, PageID.421.) Even a casual perusal of Plaintiffs' briefing reveals that it is far below the quality expected in this Court.

[2] Assuming that Plaintiffs' counsel was referring to *Phillips v. Cohen*, 400 F.3d 388, 401-402 (6th Cir. 2005), which the Court found on its own, this does not aid her cause. In *Cohen*, the Court found that the magistrate judge had committed clear error by *not* imposing sanctions under Rule 37(d), and while that case did involve failure to obey a prior scheduling order and discussed the factors to be

The leading case that set the standard for Rule 37(d) dismissal is, as far as the Court can tell through its own independent research, *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067 (6th Cir. 1990), cited 456 times and counting, which held:

> Simply put, "if a party has the ability to comply with a discovery order and does not, dismissal," and we add or entry of default, "is not an abuse of discretion." *Regional Refuse* [*Sys. v. Inland Reclamation*], 842 F.2d [1067] at 154. Just as "'dismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault,'" *id*. at 153-54 (quoting *Patton v. Aerojet Ordnance Co*., 765 F.2d 604, 607 (6th Cir. 1985)), so, too, is entry of default judgment. Additional *factors to consider* in reviewing a district court's sanction decision under Fed. R. Civ. P. 37 include "whether the adversary was prejudiced by the dismissed [or defaulting] party's failure to cooperate in discovery, whether the dismissed [or defaulting] party was warned that failure to cooperate could lead to dismissal [or default], and whether less drastic sanctions were imposed or considered before dismissal [or default] was ordered." *Id*. at 155 (citations omitted).

916 F.2d at 1073 (emphasis added). *See also Bass v. Jostens*, 71 F.3d 237, 241 (6th Cir. 1995). So, while failure to obey a discovery order can, most certainly, lead to dismissal of a case under Rule 37(b) *or* (d), and courts are only supposed to utilize case-ending sanctions after consideration of certain factors, Plaintiffs have failed to show this Court where the Court of Appeals has prohibited issuance of

considered for imposition of sanctions, noting that "a district court *may* make any such order regarding the violation of a discovery order as is just[,]" it did not suggest that sanctions were prohibited in the *absence* of a previously disobeyed order. *Id*. (emphasis in original).

case-ending sanctions under Rule 37(d) in the first instance. And, unlike Rule 37(b), Rule 37(d) itself contains no requirement that a prior order had to have been violated before such sanctions may be considered; rather, as the Court of Appeals acknowledged, the sanction under consideration is for "failure to *cooperate in discovery*," *Bank One*, 916 F.2d at 1073 (emphasis added), which may or may not include a failure to comply with a prior order.

Indeed, Rule 37(d) would be superfluous if it covered the exact same ground as Rule 37(b), thus contravening the Surplusage Canon ("None should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence."). Scalia, A. & Gardner, B., *Reading Law: The Interpretation of Legal Texts*, at 174 (Thomson/West 2012); *see also United States v. Butler*, 297 U.S. 1, 65 (1936) (Roberts, J.) ("These words cannot be meaningless, else they would not have been used."). And, while certain factors are to be "considered," the District Court "may sanction parties who fail to comply with discovery orders in a variety of ways, including dismissal of their lawsuit or entry of default judgment against them" and is reviewed for imposition of such sanctions "'only for abuse of discretion.'" *Id*. (quoting *Regional Refuse Sys. v. Inland Reclamation Co*., 842 F.2d 150, 154 (6th Cir. 1988)). *See also* 7 *Moore's Federal Practice—Civil*, § 37.96 ("Among the non-monetary sanctions authorized in response to a party's *failure to appear for deposition*, or to serve answers or objections to interrogatories

or a written response to a request for inspection, are the various sanctions included in Rule 37(b)(2)(A)(i)–(vi)) (emphasis added). Plaintiffs would tie the Court's hands in ways not envisioned by the rule in question and not supported by anything they have cited. In fact, a "prior order requirement" would run contrary to the plain text of the rule itself, which expressly provides for dismissal and is contradicted in *United States v. Reyes*, where the Sixth Circuit expressly rejected the same argument that Plaintiffs make here and referred to that argument as "a mistake of law." *United States v. Reyes*, 307 F.3d 451, 457-458 (6th Cir. 2002). Plaintiffs' counsel is **WARNED** that future flagrant misstatements of law may result in sanctions.

## II. Defendants' Motion to Dismiss

Defendants' motion to dismiss appears, at least in part, to arise from Plaintiffs' counsel's struggle to uphold her professional obligations described above. After written discovery was completed in this case, the parties agreed that they wanted to take depositions. (ECF No. 48, PageID.357.) Plaintiffs' counsel wanted to depose Defendant Thompson and an inmate witness, Daniel Marrero, while Defendants' counsel wanted to depose both Plaintiffs. (*Id.*) The parties had difficulty scheduling the depositions because Plaintiffs' counsel insisted that the depositions be taken in person despite both Marrero and Parker being incarcerated. (*Id.*)

Nonetheless, the parties eventually agreed to dates and times for the depositions. (*Id.*at PageID.360.) Parker was to be deposed on August 21, 2026, along with Defendant Thompson and Daniel Marrero. Moffit was to be deposed about a week later, on August 26, 2026, via Zoom.

On August 19, 2026, two days in advance of Parker's deposition, Plaintiffs' counsel canceled Parker's deposition alleging that she had the flu and would not be available. (*Id.* at PageID.380.) Defendants' counsel suggested that they conduct the depositions over Zoom, to allow them to proceed as scheduled even though Plaintiffs' counsel was sick. (*Id.*) Plaintiffs' counsel refused to do so. (*Id.*) While frustrated by the course of events, Defendants do not contest that Parker's deposition was properly canceled upon the consent of the parties at that time.

When Defendants reached out to Plaintiffs the following week on August 25, 2026, to give Plaintiffs' counsel the meeting information for Moffit's Zoom hearing the next day, Plaintiffs' counsel responded that she "thought we adjourned all deps. *I did not inform [Moffit]* and do not know if she is available. We will have to pick another time for her." (*Id.* at PageID.395 (emphasis added).) Defendants' counsel refuted this purported cancellation and the emails shared between counsel do not provide evidence to support that Moffit's deposition had been canceled when Parker's was. (*Id.* at PageID.380.) As such, Defendants demanded that Moffit appear. Plaintiffs' counsel refused. Defendants spent $94.77 on fees for a

court reporter who was never used and Plaintiffs' counsel refused to reimburse despite the late cancelation. (*Id.* at PageID.398.) Notably, at the hearing, after repeeated questioning by the Court, Plaintiffs' counsel finally admitted that she was mistaken about the cancellation of Moffit's deposition.

Following Moffit's failure to appear for deposition, Defendants moved for sanctions under Rule 37(d) arguing that Moffit's claims should be dismissed. (ECF No. 48.) Under Fed. R. Civ. P. 37(d), the Court may order sanctions, including those listed in Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi) for a party's failure to appear for their own properly noticed deposition. Fed. R. Civ. P. 37(d)(1)(A)(i), (d)(3). Available sanctions include dismissal, as requested here. *Id.* As noted above, the Sixth Circuit has provided four factors in consideration of whether dismissal is warranted under Rule 37:

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; the third factor is whether the dismissed party was warned that failure to cooperate could lead to dismissal; and the fourth factor is whether less drastic sanctions were imposed or considered before dismissal was ordered.
>
> *Bass,* 71 F.3d at 241(citing *Bank One*, 916 F.2d at 1073).

Defendants largely ignore these four factors but argue that Plaintiffs' counsel has shown a long pattern of willful dilatory behavior seeking to frustrate the progression of the case and dismissal is both provided for and warranted under

the rule. (ECF No. 48, PageID.365.) While it is provided for, the Court does not believe that it is warranted, at least not quite yet.

Defendants argue that Plaintiffs' counsel's failure to tell Moffit about the deposition, as admitted in Plaintiffs' response, shows bad faith. (ECF No. 51, PageID.442 (citing ECF No. 49, PageID.419).) Defendants further point out that even if Plaintiffs' counsel had not been sick, the depositions scheduled for August 21, 2026, could not have gone forward without a court reporter, and Plaintiffs had made no arrangements to enter the prison or provide a court reporter by August 19, 2026 for the depositions she planned to take of Defendant Thompson and the incarcerated witness. (ECF No. 51, PageID.443.)

In response Plaintiffs argue that Defendants' assertions regarding delay are overstated and frivolous and that dismissal under Rule 37(d) would not only be inappropriate but is *impermissible* in the Sixth Circuit absent a prior court order. (ECF No. 49, PageID.418.) As stated above, Plaintiffs' brief in response is a jumble, makes assertions without citation, and misstates the relevant law on that score. (*Id.*)

However, the Court finds dismissal to be unwarranted at this juncture. Other, less drastic sanctions are available at this time to maintain the integrity of the proceedings. Although Plaintiffs' attorney's repeated excuse of having the flu strains credulity, the Court gives her the benefit of the doubt that she *believed* both

of her clients' depositions had been cancelled when the Parker deposition was cancelled, although it is not entirely clear *why* should would have thought that. As to her failure to arrange for entry into the prison by her and her court reporter or to inform her client of their upcoming deposition, the Court chalks that up to disorganization at best and ineptitude at worst, but not necessarily to bad faith, as urged by Defendants; however, she has forfeited the depositions that she sought to take (Thompson and Marrero) and is being held to the discovery deadline, neither good cause nor excusable neglect having been shown to extend it in her clients' favor. Fed. R. Civ. P. 6(b)(1).[3] The Court also considers the equities and the harshness of the plaintiffs having their case dismissed through their counsel's inability to arrange for the completion of discovery, or, as the Court previously warned both sides, to "get their act together." (Aug. 10, 2026 Text-Only Order.) Accordingly, Defendants' Motion to Dismiss and Stay Proceedings (ECF No. 48) is **GRANTED in part and DENIED in part**, as the Court will not recommend dismissal at this time. <u>But the Court's patience will only last so long</u>.

---

[3] Less than a month ago, and in another plaintiff's case handled by Ms. Rothis, this Court noted that "the conduct of [the plaintiff] and/or his counsel throughout this case establishes a clear pattern of ignoring the rules and the orders of this Court[,]" resulting in dismissal of the case for failure to prosecute. *See Spencer v. Polavarapu*, Case No. 24-11723, 2026 WL 3218221 (E.D. Mich. Oct. 27, 2026) (Leitman, J.) The Undersigned cannot help but see a pattern.

Plaintiffs' counsel is **ORDERED** to pay the costs associated with Moffit's August 26, 2026 deposition in the amount of $94.77 for court reporter fees. This must be paid to the "State of Michigan" and sent to Defendants' counsel on or before **November 27, 2026.** Additionally, Plaintiffs' counsel is **HEREBY ORDERED** to write a letter of apology to the Court Security Officers of this Court for her difficult behavior at the security checkpoint, which shall be filed on the docket, on or before **December 3, 2026**.

Plaintiffs Parker and Moffit are **ORDERED** to appear for the following depositions:

Plaintiff Parker is to be deposed on **December 1, 2026, at 9:00 am.** The deposition may take place in person or virtually at defense counsel's choosing and may last up to 7 hours as permitted under the Federal Rules.

Plaintiff Moffit is to be deposed on **December 4, 2026, at 9:00 a.m.** The deposition may take place in person or virtually at defense counsel's choosing and may last up to 7 hours as permitted under the federal rules.

Should either deposition take place virtually, or if it would otherwise be feasible to do so without additional cost, the parties are **DIRECTED** to video record the deposition. And, as requested, the case is **HEREBY STAYED** in regard to all other activities until the plaintiffs' depositions have been completed.

**Plaintiffs are WARNED that if the depositions do not take place as scheduled, or if they or their counsel otherwise fail to obey the directions contained in this order, Plaintiffs will face dismissal under Rule 37(b)(2), Rule 37(d), Rule 41(b) and/or the inherent authority of this Court.**

<u>Discovery is otherwise closed</u>. To the extent Plaintiffs made an oral motion for discovery to be extended to allow for the depositions of Marrero and Thompson, Plaintiffs' oral motion is **DENIED**, as Plaintiffs failed to make reasonable efforts to reschedule these depositions after they had been canceled and before the end of discovery and for the reasons stated above.

The deadline for dispositive motions is reset for **February 4, 2027.**

It is **SO ORDERED.**[4]

Dated: November 20, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

[4] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).