UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE PARKER, *et al.*,

Plaintiffs,

v.

KIMBERLY CARGOR, *et al.*,

Defendants.
_______________________________/

Case No. 2:25-cv-11422

District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

**ORDER STRIKING PLAINTIFF PARKER'S PRO SE MOTION TO SEVER AND/OR DISMISS (ECF No. 54)**

The Court has received a handwritten motion from Plaintiff Bruce Parker, who is represented by counsel in this matter. (ECF No. 54.) As such, the Court is unable to accept it. Parties are not entitled to represent themselves while being simultaneously represented by counsel. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel…."); *see also Faretta v. California*, 422 U.S. 806, 807, 832 (1975); *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978); *Ennis v. LeFevre*, 560 F.2d 1072, 1075 (2d Cir. 1977); *United States v. Williams*, 534 F.2d 119, 123 (8th Cir. 1976). This right, however, is disjunctive, thus a party may choose *either* to represent themselves or to appear through an attorney. There is no right to

"hybrid" representation that would result in simultaneous or alternating self-representation and representation by counsel. A person represented by counsel must rely upon that counsel. *See, e.g.*, *United States v. Olson*, 576 F.2d 1267, 1269-70 (8th Cir. 1978); *Daniels*, 572 F.2d at 540; *Ennis*, 560 F.2d at 1075; *Williams*, 534 F.2d at 123; *United States v. Hill*, 526 F.2d 1019, 1024-25 (10th Cir. 1975); *Move Org. v. City of Phila.*, 89 F.R.D. 521, 523 n.1 (E.D. Pa.1981); *United States ex rel. Snyder v. Mack*, 372 F.Supp. 1077, 1078-79 (E.D. Pa.1974); *cf. Storseth v. Spellman*, 654 F.2d 1349, 1352-53 (9th Cir. 1981) (Once counsel is appointed, prisoner has no right to assistance from inmate writer). In light of this case law, the Court will only accept motions filed by Plaintiffs' attorney of record and the motion (ECF No. 54) is **HEREBY STRICKEN**.

In striking the motion, however, the Court does note that in substance, Plaintiff Parker is moving to sever his claim from that of his co-plaintiff, or alternatively to dismiss his co-plaintiff, claiming that co-Plaintiff Moffit "is intentionally interfering with Plaintiff Parker's ability to negotiate in Good Faith and possibly settle this case" and that "Plaintiff Moffit is refusing to show up for Depositions[,] thus prompting Defendants to file a motion with this court." (ECF No. 54, PageID.467.) Since both are represented by the same attorney (Angelle Rothis) (ECF Nos. 31, 32), this would appear to create a potential conflict-of-

interest for counsel, as her respective clients, who have hinged this entire case on their right to companionship with each other, now seem to be at odds, at least in terms of litigation behavior and strategy. Plaintiffs' counsel must quickly determine:

1. If Plaintiff Parker's desires expressed here require counsel to file a motion on Parker's behalf;

2. If an apparent rift exists between her two clients that in any way negates the need for the relief sought in this case and/or would point toward dismissal; and,

3. If the divergence in interests or strategy exhibited by the motion discussed herein has resulted in a conflict-of-interest requiring either voluntary dismissal of a party's claim, withdrawal of representation, waiver or some other measure. See M.R.P.C. 1.7 ("A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client . . .unless. . ." certain conditions are met).

It is SO **ORDERED**.

ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE

Dated: November 23, 2026